United States District Court
Southern District of Texas
**ENTERED**
February 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:06-CR-481 |
| | § | (CIVIL ACTION NO. 2:16-CV-263) |
| FRED WINTERROTH | § | |

### ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY

Defendant Fred Winterroth (Winterroth) filed a motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255. D.E. 39. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (§ 2255 Rules) (2015). For the reasons stated herein, the Court dismisses Winterroth's motion and denies him a certificate of appealability.

### I. PROCEDURAL BACKGROUND

Winterroth was sentenced to 262 months in the Bureau of Prisons in 2006 as an armed career criminal based upon his conviction for felon in possession of a firearm. D.E. 34. Judgment was entered on the docket on December 21, 2006. Winterroth did not appeal. He filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in June 2014 that this Court dismissed on limitations grounds. *See* D.E. 37. Winterroth did not appeal. He filed the present motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which is dated February 22, 2016.[1]

---

[1] Winterroth is imprisoned and is eligible for application of the mailbox rule. Fed. R. App. P. 4(c).

## II.  MOVANT'S CLAIMS

Winterroth challenges his sentence and claims that this Court's determination that he was an Armed Career Criminal was improper pursuant to *United States v. Johnson*, 136 S.Ct. 2551 (2015). He contends that his previous burglary of a habitation conviction does not qualify as a predicate offense because the documents used to support the enhancement do not reveal the subsection of the statute under which he was convicted. He urges that his motion is timely because it was filed less than year after the decision in *Johnson.*

## III.  ANALYSIS

### A.  Previous Motion Pursuant to 28 U.S.C. § 2255

Winterroth's previous motion also challenged the propriety of the use of his previous convictions as predicate offenses under the Armed Career Criminal Act (ACCA), but claimed different precedent barred his sentencing under the ACCA.

### B.  Second or Successive Motion

Because Winterroth's present motion was filed after a previous § 2255 motion, his current motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, *the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court*. See Tolliver

*v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Winterroth's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Winterroth's motion (D.E. 39) is DISMISSED as second or successive. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Winterroth has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether

the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Winterroth cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Winterroth's motion (D.E. 39) is DISMISSED pursuant to Rule 4(b) and he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 29th day of February, 2016.

_____
Janis Graham Jack
Senior United States District Judge