UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:06-CR-481 |
| | § | (CIVIL ACTION NO. 2:16-CV-263) |
| FRED WINTERROTH | § | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY**

Defendant Fred Winterroth (Winterroth) filed a motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255. D.E. 39, 51. Winterroth filed a motion for appointment of counsel, the government responded, filed a motion for summary judgment, and Winterroth filed a reply. D.E. 61, 62, 63, 64. For the reasons stated herein, the Court denies Winterroth's motion for appointment of counsel, denies his motion to vacate, and denies him a certificate of appealability. The Court grants the government's motion for summary judgment.

## I. PROCEDURAL BACKGROUND

Winterroth was sentenced to 262 months in the Bureau of Prisons in 2006 as an armed career criminal based upon his conviction for felon in possession of a firearm. D.E. 34. Judgment was entered on the docket on December 21, 2006. Winterroth did not appeal. He filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in June 2014 that this Court dismissed on limitations grounds. *See* D.E. 37. He filed a second motion to vacate his sentence in February 2016 that this Court dismissed as second or successive and transferred to the Fifth Circuit Court of Appeals. The Fifth Circuit granted Winterroth permission to file the motion. D.E. 47.

## II. MOVANT'S CLAIMS

Winterroth challenges his sentence based upon *United States v. Johnson*, 135 S.Ct. 2551 (2015). He contends that his previous burglary convictions do not qualify as predicate offenses for enhancement pursuant to 18 U.S.C. § 924(e)(1). He does not challenge the use of his Texas robbery conviction as a predicate offense. He urges that his motion is timely because it was filed less than year after the decision in *Johnson*.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

### B. Motion for Appointment of Counsel

Winterroth requested appointment of counsel to assist him with these proceedings. A § 2255 movant is not automatically entitled to appointed counsel. *See United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel

extends to the first appeal of right, and no further.") (internal citation omitted). Winterroth's motion is clear .Winterroth's motion to appoint counsel is denied.

**C.     *Johnson* Claim**

Winterroth argues that his burglary convictions no longer qualify as predicate offenses under the ACCA after *Johnson*. *Johnson* held that the residual clause of the definition of violent felony in 18 U.S.C. § 924(e)(1)(ii) was unconstitutionally vague. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis in *Johnson*).

Burglary is one of the enumerated crimes in § 924(e)(ii) and is not affected by the *Johnson* decision, "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563.

Winterroth's sentence was enhanced based upon two Texas burglary convictions and a Texas robbery conviction. The Texas burglary statute is divisible and this Court may use the modified categorical approach to determine whether Winterroth's prior burglary convictions qualify as generic burglaries. *United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014) (§ 30.02(a) is a divisible statute and the modified categorical approach applies). The Court

reviews the *Shepard*[1] documents to determine which section of the Texas burglary statute applies. Subsection 30.02(a)(1)[2] qualifies as a generic burglary, subsection 30.02(a)(3) does not. *Conde-Castaneda*, 753 F.3d at 176.

The indictment in 97-CR-3348 charged Winterroth with entering a habitation with the intent to commit theft, without the effective consent of the owner on September 19, 1997. D.E. 64, p. 1. He pleaded guilty and was sentenced to 10 years imprisonment to run concurrently with several other separately indicted convictions. The language in the indictment tracks the language of Texas Penal Code § 30.02(a)(1).

The indictment in 97-CR-3693 charged Winterroth with entering a habitation with intent to commit theft on October 9, 1997, without the effective consent of the owner. D.E. 64, p. 3. He pleaded guilty and was sentenced to 10 years imprisonment to run consecutively with other separately indicted crimes, including 97-CR-3348. The language of the indictment tracks the language of Texas Penal Code § 30.02(a)(1). The Fifth Circuit recently confirmed that burglary pursuant to § 30.02(a)(1) qualifies as generic burglary for purposes of enhancements. *See United States v. Uribe,* 838 F.3d 667, 669 (5th Cir. 2016) ("Because the predicate statute is elements-based, it is divisible and the modified categorical approach applies to determine which of the provisions of § 30.02(a) was the basis of [defendant's] conviction."); *United States v. Bryant*, --- Fed. App'x. ---, 2016 WL 5795772 at *1 (Oct. 4, 2016) (per curiam) (unpublished)

---

[1] *Shepard* documents include the charging instrument, the judgment and a judicial confession.

[2] (a) A person commits an offense if, without the effective consent of the owner, the person:
    (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
    (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
    (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Tex. Penal Code Ann. § 30.02(a).

(enhancement based upon prior Texas burglary pursuant to § 30.02(a) proper as a crime of violence).

Winterroth's challenge to his Texas burglaries based upon *Johnson* is without merit.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Winterroth has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Winterroth cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Winterroth's motion to appoint counsel (D.E. 61) and his motion to vacate, set-aside or correct sentence (D.E. 39, 51) is DENIED and he is DENIED a Certificate of Appealability. The government's motion for summary judgment (D.E. 62) is GRANTED.

SIGNED and ORDERED this 20th day of April, 2017.

_____
Janis Graham Jack
Senior United States District Judge