UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:06-CR-481 |
| | § | |
| FRED WINTERROTH | § | |

## ORDER

Defendant Fred Winterroth (Winterroth) filed an Emergency Motion for Immediate Release. He argues that his sentence violated the statutory maximum because his Texas robbery conviction is not a proper predicate offense for enhancement as an Armed Career Criminal after *Johnson v. United States*, 135 S.Ct. 2551 (2015). D.E. 79. For the reasons stated herein, the Court dismisses Winterroth's motion, and denies him a certificate of appealability.

### I. BACKGROUND

Winterroth was sentenced to 262 months in the Bureau of Prisons in 2006 as an armed career criminal based upon his conviction for felon in possession of a firearm. Judgment was entered on December 21, 2006. Winterroth did not appeal. He filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in June 2014 that this Court dismissed on limitations grounds. *See* D.E. 37. He filed a second motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in February 2016 in which he challenged the use of his burglary convictions as predicate convictions to enhance his sentence. This Court dismissed that motion as second or successive and transferred it to the Fifth Circuit Court of Appeals. The Fifth Circuit granted Winterroth permission to file the motion and this Court denied the motion on its merits by Order and final judgment dated April 20, 2017. D.E. 66, 67. Winterroth appealed and his appeal is still pending.

## II. MOVANT'S CLAIMS

Winterroth challenges his sentence and claims that this Court's determination that he was an Armed Career Criminal was improper based upon *Johnson*, 135 S.Ct. 2551. He contends that his previous robbery conviction does not qualify as a predicate offense, excpt under the now invalidated residual clause.

## III. SECOND OR SUCCESSIVE MOTION

Because Winterroth's present motion was filed after a previous § 2255 motion, his current motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, *the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Winterroth obtained permission from the Fifth Circuit to bring a previous *Johnson* claim. In that motion, he challenged only the use of his burglary convictions as predicate offenses for Armed Career Criminal status. He did not challenge the use of his robbery conviction. Unless

Winterroth obtains further permission from the Fifth Circuit, this Court does not have the authority to consider his present motion. Accordingly, Winterroth's motion (D.E. 79) is DISMISSED as second or successive. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Winterroth has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Winterroth cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Winterroth's motion (D.E. 79) is DISMISSED pursuant to Rule 4(b) and he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 18th day of August, 2017.

_____
Janis Graham Jack
Senior United States District Judge